# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| LINDA M. HITCHCOX, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:20-cv-00150 |
| ) | |
| vs. ) | |
| ) | |
| SOUTHERN TENNESSEE MEDICAL ) | JURY TRIAL DEMANDED |
| CENTER, LLC. ) | |
| Defendant. ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, Linda Hitchcox, through counsel and with the written consent of Defendant, Southern Tennessee Medical Center, LLC, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, hereby files her First Amended Complaint. For her causes of action, Plaintiff states as follows:

### PARTIES

1. Plaintiff Linda Hitchcox ("Plaintiff") is an adult citizen of Franklin County, Tennessee. At times relevant to this Complaint, Plaintiff was employed by Defendant Southern Tennessee Medical Center, LLC ("Defendant") as a social worker at Southern Tennessee Regional Health System-Winchester ("STRHS-Winchester").

2. Defendant is a Delaware corporation with its principal office in Brentwood, Tennessee, and its registered agent, CT Corporation System, at 300 Montvue Rd, Knoxville, TN

1

37919. Defendant operated STRHS-Winchester, a hospital in Franklin County, Tennessee at all times relevant to this Complaint.

## JURISDICTION AND VENUE

3. Jurisdiction and venue are proper in this court pursuant to 28 U.S.C. § 1331, and because a substantial part of the events or omissions giving rise to the claims involved in this action occurred in Franklin County, Tennessee.

## FACTS

4. Defendant operates STRHS-Winchester, which is located at 185 Hospital Drive, Winchester, Tennessee 37398.

5. Defendant employed Plaintiff as a social worker from 1997 until March 15, 2019.

6. Plaintiff suffers from post-traumatic stress disorder ("PTSD") and anxiety and had been diagnosed with these conditions for years when the events at issue took place.

7. During Plaintiff's employment with Defendant, and prior to February of 2019, Plaintiff informed Defendant that she suffers from PTSD and anxiety by filling out a form that had been provided to her by Defendant.

8. On February 27 and 28, 2019, Plaintiff called out of work due to a severe onset of anxiety.

9. On February 28, Plaintiff obtained a doctor's note from Plaintiff's physician, Dr. Louis Koella, excusing her from work.

10. Plaintiff sent her doctor's note to Defendant on March 1, 2019, with the intention of informing Defendant that she would be out of work until she had recovered from her serious illness.

2

11. On March 4, 2019, Plaintiff spoke with Cindy Singer, Defendant's Human Resources Specialist, and informed her that she intended to take leave under the Family and Medical Leave Act ("FMLA") for her anxiety and PTSD.

12. Ms. Singer directed Plaintiff to contact Unum, who administers family and medical leaves for Defendant.

13. Pursuant to Defendant's directions, Plaintiff called Unum the same day to arrange her FMLA leave.

14. Due to administrative errors on part of Unum, authorizations to release medical records were delayed. Unum repeatedly faxed the certification for Dr. Koella, to the wrong fax number until March 8, 2019. Plaintiff did not receive a release form from Unum until March 13, 2019.

15. Plaintiff sent a completed version of the certification to Unum on March 18, 2019. This was within the deadline set by Unum, who set the certification as due on March 19, 2019.

16. On March 21, 2019, Plaintiff received a letter of termination from Defendant citing to her alleged "no call-no show" from March 1 until March 15, 2019. Plaintiff's termination was effective March 15, 2019.

17. On March 27, 2019, Plaintiff was granted continuous FMLA leave, beginning on February 27, 2019.

18. If Defendant had accommodated Plaintiff by allowing her to remain employed while she was out of work to recover from her PTSD and anxiety, Plaintiff would have taken her FMLA leave and returned to work for Defendant.

3

19. It would have posed no undue hardship for Defendant to allow Plaintiff to stay employed while she took time from work to address her serious health condition and while her FMLA leave for that same condition awaited approval.

## COUNT ONE
## UNLAWFUL INTERFERENCE AND DENIAL OF FMLA BENEFITS

20. The allegations of paragraphs 1 through 19 are realleged and incorporated by reference as if fully set forth herein.

21. At all times relevant to this Complaint, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4), as it employs 50 or more employees for each workday during each of twenty or more calendar weeks.

22. At all times relevant to this complaint, Plaintiff was an "eligible employee" of Defendant within the meaning of the FMLA, 29 U.S.C. §§ 2611(2), as she had been employed by Defendant for more than 112 consecutive months, and during this time period had worked at least 1,250 hours within the 12-month period immediately preceding her need for leave in February and March of 2019.

23. As of March 4, 2019, Plaintiff was eligible for up to 12 weeks of leave under the FMLA and had used zero of the 450 available FMLA hours.

24. Plaintiff's condition constituted a "serious health condition" as defined by 29 U.S.C. § 2611(11).

25. Plaintiff provided appropriate medical notice verbally and via medical certification from Dr. Koella that she was suffering from a serious health condition and would need to take time off work. Plaintiff provided verbal notice to Defendant through her contacts with Defendant's Human Resources Department and Unum and provided the completed medical certification via Dr. Koella's office to Unum as soon as was practicable.

26.  Defendant is not permitted "to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by the FMLA. 29 U.S.C. § 2615(a)(1).

27.  Defendant violated the FMLA by interfering with, restraining, or denying her rights under the FMLA, as her FMLA leave was pending, and after Defendant was notified of Plaintiff's need for leave.

## COUNT TWO
## DISCRIMINATION AND RETALIATION FOR REQUESTING AND TAKING FMLA LEAVE

28.  The allegations of paragraphs 1 through 27 are realleged and incorporated by reference as if fully set forth herein.

29.  Defendant contacted HR and Unum on March 4, 2019, and specifically requested and applied for leave under the FMLA. This constituted a protected action under the FMLA.

30.  Defendant is not permitted "to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" by the FMLA. 29 U.S. § 2615(a)(2).

31.  Defendant was aware that Plaintiff gave notice of her need for medical leave both through its HR department and through Unum.

32.  In response to Plaintiff's protected activity, Defendant discriminated and retaliated against Plaintiff by terminating her employment during the pendency of her request for leave under the FMLA.

33.  There is a causal connection between Plaintiff's protected activity under the FMLA and her termination by Defendant.

34.  Defendant's assertion that Plaintiff's termination was the result of a "no-call, no-show," when Defendant was aware of Plaintiff's need for leave through a doctor's note and

5

Plaintiff's notice of her need for medical leave under the FMLA, to both Defendant's HR Department and Unum, is mere pretext for retaliation.

35. Defendant's actions were willful and with deliberate disregard for the rights of Plaintiff.

COUNT THREE
VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT (ADA)

36. The allegations of paragraphs 1 through 35 are realleged and incorporated by reference as if fully set forth herein.

37. Defendant was engaged in an industry affecting commerce and had at least 1 employee for each working day in each of 20 or more calendar weeks during the time at issue in this complaint.

38. While she was employed by Defendant, Plaintiff had a physical or mental impairment that substantially limited one or more major life activities, as defined by 42 U.S.C. §§ 12102. More specifically, Plaintiff's PTSD and anxiety substantially limited such major life activities as sleeping, thinking, communicating, working, reading, concentrating, caring for herself, and breathing.

39. While she was employed by Defendant, Plaintiff had a record of a physical or mental impairment that substantially limited one or more major life activities, as defined by 42 U.S.C. §§ 12102(1)(B) and 12102(2).

40. While she was employed by Defendant, Defendant regarded Plaintiff as having a physical or mental impairment that substantially limited one or more major life activities, as defined by 42 U.S.C. §§ 12102(1)(C) and 12102(2) and (3).

41. Based on the foregoing, Plaintiff had a "disability" as defined by 42 U.S.C. § 12102(1).

42. Plaintiff is an individual who, with or without reasonable accommodation, was able to perform the essential functions of her job as a social worker. Accordingly, Plaintiff is a "qualified individual" as defined by 42 U.S.C. § 12111(8).

43. Defendant discriminated against Plaintiff on the basis of her disability with regard to the termination of her employment, in violation of 42 U.S.C. § 12112(a).

44. As described in the Facts above, the actions and omissions of Defendant that violated 42 U.S.C. § 12112(a) include, but are not limited to:

    a. Failing to communicate and engage in an interactive process with Plaintiff in an effort to provide a reasonable accommodation, as required by 42 U.S.C. § 12112(b)(5) and federal regulations;

    b. Failing to provide a reasonable accommodation, as required by 42 U.S.C. § 12112(b)(5); and

    c. Terminating Plaintiff's employment due to her disability.

45. Defendant's actions were willful and with deliberate disregard for the rights of Plaintiff.

46. After Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), the EEOC issued Plaintiff a Notice of Right to Sue with a mailing date of July 28, 2020, which Plaintiff received thereafter.

## DAMAGES

47. As a result of the above-mentioned wrongs and omissions of Defendant, Plaintiff has suffered damages including, but not limited to, past and future lost wages and benefits, emotional distress, mental anguish, pain and suffering, loss of enjoyment of life, and harm to reputation.

48. Plaintiff should be awarded damages or remedies allowable under the FMLA and the ADA for Plaintiff's violations, including, but not limited to, lost wages and benefits, non-economic damages, liquidated damages, front pay, pre-judgment and post-judgment interest, and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the Court to enter an order:

a. Adjudicating and declaring Defendant's conduct as set forth above to be a violation of the FMLA and the ADA;

b. Adjudicating and declaring that Plaintiff is entitled to compensatory damages in an amount to be determined by the jury;

c. Awarding Plaintiff liquidated or punitive damages, as available;

d. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, and other discretionary costs allowed by law;

e. For all additional general and equitable relief which is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted,

**MASSEY & ASSOCIATES, P.C.**

By: /s/ W. Baker Gerwig, IV
W. Baker Gerwig IV; BPR No.: 037736
6400 Lee Highway, Suite 101
Chattanooga, TN 37421
(P): 423.697.4529
(F): 423.634.8886
baker@masseyattorneys.com
*Attorney for Plaintiff*